UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DEAN CHRISTAIN, | No. 2:21-cv-0305 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

I. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

1  denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

2  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

3  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

4  participation is insufficient).

5  II.  Plaintiff's Allegations

6        In his preliminary statement of the case, plaintiff alleges that defendants were deliberately

7  indifferent to the physical and psychological welfare of plaintiff by failing to protect "inmates

8  under their jurisdiction and CDCR (federal) shooting procedures."  (ECF No. 1 at 6.)

9        In his first cause of action, plaintiff alleges that in May of 2018, the CDCR and MCSP

10  integrated general population ("GP') inmates with sensitive needs ("SNY") inmates, despite

11  knowing such integration "incited and fomented violence among the inmate population."  (ECF

12  No. 1 at 7.)

13        In his second cause of action, plaintiff alleges that on May 25, 2018, a riot broke out,

14  during which three correctional officers shot plaintiff, at point blank range, in the head, inner

15  right thigh and left shoulder, rendering plaintiff unconscious for several days.  Plaintiff suffered a

16  cracked skull, memory loss, brain bleeding and swelling, speech impediments, tremors, weakness,

17  constant headaches, and difficulty with daily comprehension.  (ECF No. 1 at 7.)

18        Plaintiff seeks money damages.

19        Plaintiff names 80 individuals as defendants including the CDCR, CDCR Secretary Ralph

20  Diaz, Warden Lizzaraga, numerous correctional officers and counselors, and LVN's and psych

21  techs, employed at Mule Creek State Prison ("MCSP").

22  III.  Discussion

23        In his complaint plaintiff named the California Department of Corrections and

24  Rehabilitation ("CDCR") as one of the defendants.  The Eleventh Amendment serves as a

25  jurisdictional bar to suits brought by private parties against a state or state agency unless the state

26  or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh,

27  438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

28  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's

4

claims against the CDCR are frivolous and must be dismissed. Plaintiff should not renew such claims in any amended complaint.

Plaintiff fails to include charging allegations as to any named defendant. Despite naming all of the peace officers employed at MCSP on May 25, 2018, plaintiff does not identify the three individuals who he claims shot him. Plaintiff's complaint fails to give fair notice of all of the allegations and claims directed against each separately-named defendant. Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against *each* defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)[.]" (emphasis added)). Plaintiff is advised that he must include specific facts allegations as to each individual named as a defendant.

Plaintiff is advised that it is improper to simply provide a list of employees as defendants. "The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. . . . It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate the[] claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Gurman v. Metro Housing & Redevelopment Authority, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011), citing Fed. R. Civ. P. 8, 11.

Further, in order to state a cognizable claim under the Eighth Amendment, plaintiff must allege specific facts meeting the following standards. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1970) (internal quotations and citation omitted). "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer, 511 U.S. at 834). The second prong of this test is subjective, and "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." See Farmer, 511 U.S. at 837. "'Deliberate

5

indifference entails something more than mere negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Hearns, 413 F.3d at 1040 (quoting Farmer, 511 U.S. at 835) (internal alterations omitted).  One way this can be established is "if the inmate shows that the risk posed by the deprivation is obvious." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2011) (citing Farmer, 511 U.S. at 842 ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.")).  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Supreme Court's] cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838; Peralta v. Dillard, 744 F.3d 1076, 1086 (9th Cir. 2014) ("Even if a prison official should have been aware of the risk, if he was not, then [he] has not violated the Eighth Amendment, no matter how severe the risk.") (internal quotation and citation omitted), cert. denied, 574 U.S. 1073 (2015).  In addition, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably." Farmer, 511 U.S. at 844.  Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

In other words, plaintiff must allege facts demonstrating that the named defendant was deliberately indifferent to a known significant or substantial risk of harm to plaintiff in May 2018.

To the extent that plaintiff seeks to hold Secretary Diaz and Warden Lizzaraga liable based solely on their supervisory roles, plaintiff may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S at 676-77.  Rather, supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer, 511 U.S. at 825.

While plaintiff mentions the integration policy, he fails to allege facts demonstrating that the policy to merge SNY and GP prisoners is a repudiation of plaintiff's Eighth Amendment rights, and has not alleged that the policy resulted in a violation of plaintiff's Eighth Amendment rights. Plaintiff includes no facts as to his own housing, whether he was previously deemed SNY or is a GP inmate, or has otherwise been subject to an actual, non-speculative risk of harm due to a particular defendant's implementation of such policy. Thus, plaintiff has not pled a cognizable claim of supervisory liability based on an alleged constitutionally deficient policy against a particular defendant.

Finally, plaintiff includes no facts suggesting liability on the part of medical employees, LVN's or psych techs.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  April 7, 2021

chri0305.14new.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DEAN CHRISTIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No.  2:21-cv-0305 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____     Amended Complaint

DATED:

                                                      _____
                                                      Plaintiff