UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DEAN CHRISTIAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0305 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff filed a motion for a ninety-day extension of time to file an amended complaint. Plaintiff asserts that in order to comply with the court's order, he will need to request from the CDCR "a plethora of documentation" as to what transpired on May 25, 2018, including videos, what officers checked out 40 mm launchers, and memos activating the integration of general population inmates with sensitive needs inmates. Plaintiff requests numerous subpoena duces tecum to obtain such "voluminous documentation." (ECF No. 21 at 2.)

Plaintiff is advised that this action cannot proceed until he has an operative complaint on file. Plaintiff is not required to submit evidence with his complaint. However, by signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations. While plaintiff is correct that he may engage in discovery to identify putative defendants, the documentation plaintiff seeks is premature, too vague and too broad. Plaintiff

must first file an amended complaint that identifies specific claims against specific individuals, and thereafter the court has found plaintiff states a cognizable civil rights claim or claims. Plaintiff's request for numerous subpoena duces tecum is denied without prejudice.

Plaintiff is required to exhaust his prison resources before seeking court intervention. At a minimum, prison staff should provide plaintiff with the names of the correctional officers who shot him because plaintiff is required to name such individuals in any administrative grievance submitted to exhaust his administrative remedies. Plaintiff may be able to seek such information through the prison grievance process, or request assistance from his correctional counselor or litigation coordinator. Plaintiff may be able to obtain copies of prison policies through the prison law library. Other information may be available through an Olson review.[1]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for subpoenas (ECF No. 21) is denied without prejudice;

2. Plaintiff's motion for an extension of time (ECF No. 21) is granted; and

3. Plaintiff is granted ninety days from the date of this order in which to file an amended complaint.

Dated: May 5, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/chri0305.36

---

[1] An Olson review refers to the right of California inmates to inspect and copy non-confidential records maintained in their central and medical files, as established by In re Olson (1974) 37 Cal. App. 3d 783, 112 Cal. Rptr. 579.