IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DEAN CHRISTIAN, JR.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>H. MACIAS, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:21-cv-0305 KJN P<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A PRE-ANSWER MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING AFTER RULING ON MOTION FOR SUMMARY JUDGMENT |

　　　　Plaintiff is a state prisoner, proceeding through counsel. On October 12, 2022, defendants filed a motion for leave to file a pre-answer motion for summary judgment regarding exhaustion of administrative remedies. Defendants' counsel contacted plaintiff's counsel concerning this motion; plaintiff's counsel advised that plaintiff will not oppose the motion or the relief sought, and met and conferred with plaintiff's counsel as to the briefing schedule included in the motion.

　　　　As discussed below, the motion is granted.

Defendants' Motion

　　　　Defendants contend plaintiff did not fully and properly exhaust his administrative remedies as to all defendants and all allegations made against such defendants before initiating the instant

action and therefore seek leave to file a pre-answer motion for summary judgment regarding same. (ECF No. 47.) Defendants also request that their pre-answer motion for summary judgment be without prejudice to filing a later motion for summary judgment regarding substantive defenses and grounds for dismissal. (ECF No. 47 at 4-5.) Alternatively, if the Court is not inclined to grant the request, then defendants seek a thirty-day extension of time to file a responsive pleading.

Discussion

The Prison Litigation Reform Act exhaustion requirement expressly states that "[n]o action shall be brought . . . until administrative remedies are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is both mandatory and a condition precedent to the filing of a case in federal court. Booth v. Churner, 532 U.S. 731 (2001). In the Ninth Circuit, exhaustion of administrative remedies must be filed by a motion for summary judgment, not a motion to dismiss under Rule 12(b). See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc), overruling Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003) (permitting exhaustion to be raised in a motion to dismiss and treating it as a matter of abatement). If defendants could raise exhaustion by a Rule 12(b) motion, the instant motion would not be necessary because defendants could first move to dismiss based on exhaustion and if denied, thereafter answer. See e.g. Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008). But such is not the case in the Ninth Circuit.

The Federal Rules of Civil Procedure provide that a party must serve an answer within 21 days after being served with a summons and complaint or if service has been waived under rule 4(d) within 60 days after the request for waiver was sent. Fed. R. Civ. P. 4(a)(1)(A). Under Rule 56, a party may move with or without supporting affidavits for summary judgment on part or all of the claims at any time until 30 days after the close of discovery. Fed. R. Civ. P. 56(b). This means that party may file a summary judgment motion at any time, even before filing an answer.

In contrast to Rule 12(a)(4), which extends the time to answer when a Rule 12 motion is brought, Rule 56 is silent as to whether filing a motion for summary judgment tolls the time to file an answer. Courts in the Ninth Circuit have concluded that by analogy to Rule 12(a)(4), it is appropriate to extend the time to file the answer until the court decides the motion for summary

judgment "where such motion adequately contests the action." See Mann v. Lee, 2009 WL 5178095 (N.D. Cal. Dec. 22, 2009); Klebanow v. New York Produce Exchange, 344 F.2d 294, 296 n.1 (2d Cir. 1965) (court has discretion to entertain pre-answer motion for summary judgment).

Here, a motion for summary judgment based on exhaustion contests the adequacy of the action. If plaintiff did not fully and properly exhaust his available remedies, dismissal is proper. As argued by defendants, courts are directed to decide exhaustion, if feasible, before reaching the merits. Albino, 747 F.2d 1170. Therefore, in the interests of efficiency and judicial economy, the undersigned grants defendants' motion to file a pre-answer motion for summary judgment on exhaustion grounds, tolls the time to file a responsive pleading until thirty days after the final decision on exhaustion issues, if appropriate, and grants defendants permission to file a second motion for summary judgment on the merits if the exhaustion motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to file a pre-answer motion for summary judgment on exhaustion grounds (ECF No. 47) is granted;

2. Defendants shall file and serve their motion for summary judgment on exhaustion grounds within forty-five days from the date of this order; plaintiff shall file and serve his opposition thirty days from the date the motion is filed; and defendants' reply, if any, shall be filed and served fifteen days after the opposition is filed;

3. Defendants' request for an extension of time to file a responsive pleading (ECF No. 47) is granted; defendants' responsive pleading shall be filed, if appropriate, thirty days after the court issues its ruling on defendants' motion for summary judgment on exhaustion grounds; and

4. Defendants are granted leave to file a second motion for summary judgment on the merits if the exhaustion motion is denied.

Dated: October 14, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/chri0305.pre