JENNER & BLOCK LLP
Alexander M. Smith (SBN 295187)
asmith@jenner.com
Benjamin A. Malings (SBN 346831)
bmalings@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2054
Telephone:  +1 213 239 5100
Facsimile:   +1 213 239 5199

*Pro Bono* Attorneys for Katelyn Christian

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DEAN CHRISTIAN, JR., <br><br>                          Plaintiff, <br><br>        v. <br><br> H. MACIAS, B. HERNANDEZ, J. HICKMAN, J. FELTNER, and DOES 1-10, inclusive, <br><br>                          Defendants. | Case No. 2:21-cv-305-KJN (P) <br><br> The Honorable Kendall J. Newman <br><br> **NOTICE OF MOTION AND MOTION FOR SUBSTITUTION OF PARTIES** <br><br> Hearing Date:  August 22, 2023 <br><br> Hearing Time:  9:00 a.m. <br><br> Courtroom:  25 (Sacramento) |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 22, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 25 of the Robert T. Matsui United States Courthouse located at 501 I Street, Sacramento, CA, 95814, Katelyn Christian ("Ms. Christian") will, and hereby does, move for an order substituting her as the plaintiff in this action in place of her late father, Plaintiff Earl Dean Christian, Jr. ("Mr. Christian") under Federal Rule of Civil Procedure 25(a).  The grounds for the motion are as follows.

## BACKGROUND

1. This is a Section 1983 lawsuit arising out of a traumatic brain injury that Mr. Christian suffered while incarcerated at Mule Creek State Prison.  Mr. Christian alleged that Defendants used excessive force against him by shooting him in the head during a prison disturbance, even though Mr. Christian had already been subdued and had fallen to the ground.  *See* Second Am. Compl. ("SAC") ¶¶ 9–19.  Mr. Christian alleged that Defendants violated his Eighth Amendment right to be free from the use of excessive force and sought relief under 42 U.S.C. § 1983.  *See id.* ¶¶ 23–31.

2. Mr. Christian was most recently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  On or around April 12, 2023, Mr. Christian passed away while incarcerated at CSATF.

3. On April 13, 2023, Mr. Christian's *pro bono* counsel at Jenner & Block LLP filed a Suggestion of Death and noted that Mr. Christian's personal representative or successor in interest would likely file a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a).

4. Mr. Christian was a widower and had not remarried when he passed away.  He died without a will.  His closest surviving relative is his daughter, Katelyn Christian.

5. Ms. Christian now moves to substitute herself for Mr. Christian in this action pursuant to Federal Rule of Civil Procedure 25(a).

## ARGUMENT

6. "If a party dies and the claim is not thereby extinguished," Federal Rule of Civil Procedure 25(a) authorizes this Court to "order substitution of the proper parties."  Fed. R. Civ. P. 25(a)(1).  The rule permits "the successors or representatives of the deceased party" to file a motion for substitution.  *Id.*

7. The Supreme Court has made clear that state law "provides the principal reference point in determining survival of civil rights actions." *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978); *see also Chaudhury v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014); *Brown v. County of Mariposa*, No. 18-1541, 2021 WL 2188125, at *1 (E.D. Cal. May 28, 2021), *report & recommendation adopted*, 2021 WL 2822816 (E.D. Cal. July 7, 2021) ("In determining if a cause of action survives the death of a party, the court looks to state law.").

8. Under California law, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code §§ 377.20. Similarly, "[a] pending action or proceeding does not abate by the death of a person if the cause of action survives." *Id.* § 377.21. For that reason, the Ninth Circuit has repeatedly held that a Section 1983 action "survives the death of a party." *In re Estate of Ferdinand Marcos Human Rights Litig.*, 25 F.3d 1467, 1476 (9th Cir. 1994); *see also, e.g.*, *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006) ("A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death . . . .").

9. Here, Mr. Christian's Section 1983 claims are premised on events that took place prior to his passing. *See* SAC ¶¶ 9–19. Mr. Christian brought those claims during the applicable statute of limitations period while he was still alive. *See* ECF No. 1. Because those claims survive Mr. Christian's passing under California law, they are "not extinguished" under Rule 25(a).

10. Moreover, Ms. Christian is Mr. Christian's "successor" and is accordingly a "proper part[y]" capable of prosecuting Mr. Christian's Section 1983 claims. Fed. R. Civ. P. 25(a)(1).

11. California law governs the question of whether Ms. Christian is the "successor" of the "deceased party" (*i.e.*, Mr. Christian) under Rule 25(a)(1). *See Smith v. Specialized Loan Servicing, LLC*, No. 16-2519, 2017 WL 4050344, at *2 (S.D. Cal. Sept. 13, 2017) ("California substantive law[] applies to the issue of who is a proper party . . . ."); *In re Baycol Prods. Litig.*, 616 F.3d 778, 787–88 (8th Cir. 2010) ("The question of *who* is a proper party is a substantive issue, for which we must rely upon state law.").

12. "The California Code of Civil Procedure . . . provides a definition of who may be considered a decedent's successor. 'For the purposes of this chapter, "decedent's successor in interest" means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a

particular item of the property that is the subject of a cause of action.'" *In re Baycol*, 616 F.3d at 785–86 (quoting Cal. Civ. Proc. Code § 377.11); *see also, e.g.*, *Martinez v. Animal Health Int'l, Inc.*, No. 21-965, 2022 WL 2791171, at *2 (E.D. Cal. July 15, 2022) (granting motion for substitution and applying California Code of Civil Procedure § 377.11 to determine whether a party is the decedent's "successor").

13. Because Mr. Christian died without a will, section 377.11 of the Code of Civil Procedure requires the Court to consider whether Ms. Christian is Mr. Christian's "successor" under Sections 6401 and 6402 of the California Probate Code, which govern intestate succession. *See* Cal. Civ. Proc. Code § 377.11(b). Section 6402 of the Probate Code provides that, if a person dies intestate and there is no surviving spouse, the person's estate passes to "the issue of the decedent." Cal. Prob. Code § 6402(a). Here, Ms. Christian is Mr. Christian's daughter, which makes her a "successor" under Section 6402. *See, e.g.*, *Martinez*, 2022 WL 2791171, at *2 ("The record now reflects that decedent died without leaving a will and has three surviving children . . . Therefore, it is appropriate to find that her three children are the successors in interest to the causes of action in this case and relatedly that they are the proper parties to be substituted in as Plaintiffs."); *Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, No. 19-3435, 2023 WL 309399, at *2 (N.D. Cal. Jan. 18, 2023) ("Mr. Ahlstrom died without a will and was never married, and his surviving daughter . . . is the sole beneficiary of his estate. She is therefore the proper party for substitution.") (citation omitted.).

14. Accordingly, because Mr. Christian's Section 1983 claims have not been extinguished by his passing, and because Ms. Christian is his "successor" under California law, Ms. Christian respectfully requests that the Court grant this motion and substitute her as the plaintiff in this action.

Dated: July 6, 2023                                    JENNER & BLOCK LLP

                                                       BY:  /s/   Alexander M. Smith
                                                               Alexander M. Smith

                                                       *Pro Bono* Attorneys for Katelyn Christian