UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DEAN CHRISTIAN, JR., | No. 2:21-cv-0305 KJN P |
| Plaintiff, | ORDER |
| v. | |
| H. MACIAS, et al., | |
| Defendants. | |

    Plaintiff Earl Dean Christian, Jr., brought this action as a state prisoner, proceeding pro se and in forma pauperis. Subsequently, plaintiff was appointed counsel. Plaintiff's motion to substitute plaintiff's daughter as successor in interest to decedent Earl Dean Christian, Jr., is before the court. On July 11, 2023, defendants filed a statement of non-opposition to the motion for substitution but asked that the court first rule on the pending motion for summary judgment.

    First, while the court appreciates defendants' statement of non-opposition to the motion for substitution because plaintiff died during the pendency of the motion for summary judgment, the court is unable to rule on such motion until the motion for substitution is resolved.

    Second, despite defendants' nonopposition, the court is required to ensure that the motion for substitution is supported by evidence. Substitution under Rule 25 requires that the underlying claim survive the death of the party who passed away. Fed. R. Civ. P. 25(a)(1). A motion for substitution can be granted only for claims not extinguished by death. Id. Further, the Court may

1

only order substitution of a proper party under Rule 25. See Fed. R. Civ. P. 25(a)(1). The party seeking substitution in a survival action shoulders the burden of demonstrating that a particular state's law authorizes a survival action and that the party meets that state's requirements for bringing the action. Hayes v. County of San Diego, 736 F.3d 1223, 1228-29 (9th Cir. 2013).

Rule 25 only requires that Katelyn Christian be plaintiff's successor in interest or legal representative. Fed. R. Civ. P. 25(a)(1); see Bogie v. Ethicon, Inc., 2020 WL 3868472, at *2 (E.D. Cal. July 9, 2020); Kaplan v. County of Kern, 2016 WL 3196740, at *2 (E.D. Cal. June 8, 2016). California permits pending proceedings to survive a plaintiff's death if the underlying cause of action survives. Cal. Code Civ. Proc. § 377.21. In California, an action that survives the death of a party entitled to bring the action passes to decedent's successor in interest, subject to California's Probate Code. Cal. Code. Civ. Proc. § 377.30. An action may be initiated by a decedent's personal representative or, if there is no personal representative, by the decedent's successor in interest. Id.

Accordingly, if "there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action." Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) (citing Cal. Code Civ. Proc. §§ 377.20, .32.) A decedent's "'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate." Cotta v. County of Kings, 79 F. Supp. 1148, 1158 (E.D. Cal. 2015) (quoting Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore, 162 Cal.App.4th 1331, 1340 (2008)). A decedent's "successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11. California's probate code mandates that an entire intestate estate passes to the decedent's issue if there is no surviving spouse. Cal. Prob. Code § 6402(a).

In addition, California's Code of Civil Procedure provides that:

> (a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:

    (1) The decedent's name.

    (2) The date and place of the decedent's death.

    (3) "No proceeding is now pending in California for administration of the decedent's estate."

    (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

    (5) Either of the following, as appropriate, with facts in support thereof:

    (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

    (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."

    (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."

    (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

  (b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.

  (c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

Cal. Civ. Proc. Code § 377.32; see <u>Kaplan</u>, WL 3196740, at *2.

  Here, plaintiff died without a will. Thus, in order for plaintiff's daughter to be deemed a proper successor in interest, Katelyn Christian must provide the declaration required under California Civil Procedure Code § 377.32, as well as a certified copy of plaintiff's death certificate. Once the court receives these documents, a ruling will issue on the motion for substitution. Then the undersigned can address the pending motion for summary judgment.

////

////

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this order, counsel for plaintiff shall file the appropriate declaration by Katelyn Christian and certified copy of the death certificate.

Dated: July 18, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/chri0305.sub.fb