UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DEAN CHRISTIAN, JR., | No. 2:21-cv-0305 KJN P |
| Plaintiff, | ORDER SUBSTITUTING KATELYN CHRISTIAN AS SUCCESSOR IN INTEREST FOR PLAINTIFF EARL DEAN CHRISTIAN, JR. |
| v. | |
| H. MACIAS, et al., | |
| Defendants. | |

Plaintiff Earl Dean Christian, Jr. brought this action as a state prisoner, proceeding pro se and in forma pauperis. Subsequently, plaintiff was appointed counsel. The motion to substitute plaintiff's daughter Katelyn Christian as successor in interest to Earl Dean Christian, Jr. is before the court. Defendants do not oppose the motion. As discussed below, the motion is granted.

Substitution of Parties

Under Federal Rule of Civil Procedure 25, if a party to an action dies and the underlying claim is not extinguished, the court may order substitution of a proper party. Fed. R. Civ. P. 25(a)(1). If the motion for substitution is not made within 90 days after service of a statement noting the death, the action by the decedent must be dismissed. Id.

Therefore, in deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are not extinguished; and (3) the person being substituted is a proper party. See Savoy v. Schlachter, 2014 WL 3689365, at *1 (E.D. Cal.

1

July 24, 2014).  If Rule 25(a)(1) is met, "[t]he substituted party steps into the same position as [the] original party."  Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996).  The undersigned addresses each factor in turn below.

   Is the Motion Timely?

   Rule 25 requires two affirmative steps to trigger the 90-day period.  See, e.g., Gilmore v. Lockard, 936 F.3d 857, 865 (9th Cir. 2019); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).  First, a party must formally suggest the death of the party upon the record.  Gilmore, 936 F.3d at 865.  Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.  Gilmore, 935 F.3d at 865.

   Here, plaintiff died on April 12, 2023.  (ECF No. 62 at 4.)  Counsel filed a formal suggestion of death upon the record on April 13, 2023, which was served electronically on counsel for defendants.  (ECF No. 56.)  Within ninety days thereafter, on July 6, 2023, plaintiff's counsel filed a motion for substitution of parties.  Thus, the ninety day period required by Rule 25 has not expired.

   Have the Claims Been Extinguished?

   Substitution under Rule 25 requires that the underlying claims survive the death of the party who passed away.  Fed. R. Civ. P. 25(a)(1).  A motion for substitution can be granted only for claims not extinguished by death.  Id.  The Court must examine each claim independently.  See Bailey v. MacFarland, 2020 WL 5763825, at *2 (E.D. Cal. Sept. 28, 2020) (citation omitted).

   To determine whether a cause of action survives a party's death, the Court must look to the law, state or federal, under which the cause arose.  See, e.g., Bailey, 2020 WL 5763825, at *3.  In § 1983 claims, the law of the forum state controls the survivability of claims.  See 42 U.S.C. § 1988(a); Robertson v. Wegmann, 436 U.S. 584, 589-90 (1978); Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1103 (9th Cir. 2014).  In California, a cause of action is not lost by reason of a plaintiff's death but survives through the applicable statute of limitations.  Cal. Code Civ. Proc. §§ 377.20(a), 377.21.

////

Here, because the forum state is California and plaintiff's Eighth Amendment excessive force claims fall under § 1983, plaintiff's death did not extinguish the action. See, e.g., Kaplan v. County of Kern, 2016 WL 3196740, at *2 (E.D. Cal. June 8, 2016); see also Chaudhry, 751 F.3d at 1103.

Is Katelyn Christian a Proper Party?

The court may only order substitution of a proper party under Rule 25. See Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1) requires only that plaintiff provide evidence that Katelyn Christian is plaintiff's successor in interest or legal representative. Fed. R. Civ. P. 25(a)(1); see Bogie v. Ethicon, Inc., 2020 WL 3868472, at *2 (E.D. Cal. July 9, 2020); Kaplan, WL 3196740, at *2. In addition, the California Code of Civil Procedure also provides that the person seeking to continue the pending action provide a detailed affidavit or declaration under penalty of perjury and a copy of the certified death certificate, as explained in the July 18, 2023 further briefing order. (ECF No. 61 at 2, citing Cal. Code Civ. Proc. § 377.21.)

On July 18, 2022, plaintiff's daughter filed her declaration providing the necessary information required under California Civil Procedure Code § 377.32. (ECF No. 61.) Plaintiff Earl Dean Christian, Jr. died on April 12, 2023, while this lawsuit was pending. No proceeding is now pending in California for administration of Earl Dean Christian, Jr.'s estate. (ECF No. 61.) Plaintiff died without a will and without a surviving spouse; as a result, plaintiff's estate passed to Katelyn Christian under California Probate Code Section 6402(a). (ECF No. 61.) No person has a superior right to commence the action or proceeding or to be substituted for Earl Dean Christian, Jr., in this pending action or proceeding. (Id.)

Plaintiff's counsel also filed a certified copy of plaintiff's death certificate which confirms that Earl Dean Christian, Jr. died on April 12, 2023, and Katelyn Christian is his daughter. (ECF No. 61 at 4.)

Conclusion

Based on the law above and the evidence before the court, and because defendants do not oppose the motion for substitution, the court concludes that Katelyn Christian is a proper party under Rule 25 and California law. Because Ms. Christian's motion is timely, the present cause of

action survived plaintiff's death, and Katelyn Christian is a proper party, the motion for substitution is granted. The Court substitutes in Katelyn Christian as successor in interest to the decedent, Earl Dean Christian, Jr.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to substitute (ECF No. 58) is granted;

2. Katelyn Christian is substituted as successor in interest for plaintiff Earl Dean Christian, Jr.; and

3. The Clerk of the Court is directed to amend the docket to reflect the substitution of Katelyn Christian as successor in interest for plaintiff Earl Dean Christian, Jr.

Dated: August 7, 2023

/chri0305.sub

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE